# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| DEANNA SUE PAINTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-3002 |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) |
| Defendant, | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE :

On August 6, 2015, this Court conducted a motion hearing in this case.  At that time, the Court directed the parties to file any requests for discovery pertaining to only the events concerning Plaintiff's recent June 23, 2105, fitness for duty examination (2015 Fitness Examination).  <u>Minute Entry entered August 6, 2015</u>.  The Plaintiff Deanna Painter previously indicated that she wanted to conduct such discovery.  See <u>Withdrawal of Motion to Withdraw as Attorney & Motion for Order Denying Motion to Withdraw as Attorney as Moot & for Scheduling Conference (d/e 51)</u>, at 2.  Painter submitted a memorandum requesting such additional discovery.  <u>Plaintiff's Memorandum in Response to August 6, 2015 Court Order</u>

(d/e 52) (Request), at 8-10.  For the reasons set forth below, the Request is DENIED with leave to renew if the jury finds Defendant Illinois Department of Transportation (IDOT) liable on her claims.

BACKGROUND

From September 1, 2010 to May 2011, Painter was employed by IDOT.  She alleges that IDOT wrongfully subjected her to unnecessary mental fitness for duty examinations on April 21, 2011; July 18, 2011; August 2 and 5, 2011; December 2 and 16, 2011; and May 8, 2012.  A psychiatrist, Dr. Terry Killian, M.D., conducted the December 2011 and May 2012 examinations.  In December 2011, Dr. Killian opined that Painter was fit for duty.  The health professionals who conducted the prior examinations in 2011 also opined that Painter was fit for duty.  In May 2012, however, Dr. Killian opined that Painter was not fit for duty.  Painter was placed on unpaid leave after the final May 8, 2012, examination and never returned to work for IDOT.  Amended Complaint (d/e 15), ¶¶ 9-49.  Painter alleges that these examinations constituted discrimination or retaliation in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act.  Amended Complaint, ¶¶ 50-58; 29 U.S.C. § 794(d); 42 U.S.C. §§ 12112(a) and (d)(1)(2) and 12203.  The ADA and Rehabilitation Act prohibit employers from requiring employees to undergo physical or

mental examinations unless such examinations are "job related and consistent with business necessity." 42 U.S.C. § 12112(d)(1)(A). The ADA also prohibits retaliation against an employee for exercising her rights. 42 U.S.C. § 12203.

IDOT has asserted an affirmative defense that the examinations were job-related and consistent with the business needs of IDOT. Answer and Affirmative Defenses to Amended Complaint (d/e 20), at 35. IDOT has the burden of proof to establish this affirmative defense. Wright v. Illinois Department of Children and Family Services, __ F.3d__, 2015 WL 4863400, at *6 (7th Cir. August 14, 2015).

Painter states that on April 1, 2014, she began working for the Illinois Department of Human Services (DHS). She states that on June 18, 2015, DHS placed her on medical leave and required her to undergo a mental fitness for duty examination. Painter further states that on June 18, 2015, DHS placed her on medical leave and required her to undergo a mental fitness for duty examination. On July 23, 2015, Dr. Killian conducted this examination. Painter states that Dr. Killian has not issued a report on this examination. Request, at 4-5. Painter seeks to reopen fact and expert discovery about Dr. Killian's anticipated report from the July 23, 2015, examination (2015 Report). Request, at 8-10.

## ANALYSIS

Fact and expert discovery closed on July 15, 2015. Text Order entered June 23, 2015. The Court allowed Painter to depose IDOT employees Marie Maelek-Robinson and Stuart Hunt by August 20, 2015, after discovery closed. Minute Entry entered August 6, 2015. The Court extended discovery deadlines twice before. Text Order entered February 12, 2015; Minute Entry entered March 23, 2015. Painter now seeks to reopen both fact and expert discovery once Dr. Killian issues the 2015 Report.

The Court has discretion to reopen discovery. See Winters v. Fru-Con Inc., 498 F.3d 734, 743 (7th Cir. 2007). Reopening discovery requires a showing of good cause. Balschmiter v. TD Auto Finance, LLC, 2015 WL 2451853, at *9 (E.D. Wis. May 21, 2015). In evaluating good cause in the discovery context, the Court considers factors such as whether the party seeking discovery had ample opportunity to obtain the information before discovery closed and whether the burden of the proposed discovery outweighs the benefit. See Winters, 498 F.3d at 734; Gucci America, Inc. v. Guess?, Inc., 790 F.Supp.2d 136, 140 (S.D. N.Y. 2011); Fed. R. Civ. P. 26(b)(2)(C)(ii) and (iii).

Painter argues that good cause exists to reopen discovery because Dr. Killian has not yet issued his 2015 Report so the information was not available before discovery closed, and the 2015 Report will be highly relevant to her claim.  See Request, at 8-10.  Painter clearly did not have an opportunity to discover a report that did not exist before discovery closed.  The Court, however, believes that the 2015 Report will be of little or no relevance at this stage of the proceedings, and further finds that the burden imposed by the proposed discovery far outweighs any benefit.

Painter's claims and IDOT's defenses are based on events in 2011 and 2012.  Painter claims that IDOT wrongfully subjected her to illegal examinations and retaliation in 2011 and 2012 in violation of the ADA and Rehabilitation Act.  IDOT claims the examinations in 2011 and 2012 were valid actions consistent with its business needs.  A fitness for duty examination three years later, in 2015, will not tend to prove or disprove any of these issues.  The benefit of Painter's proposed discovery, therefore, is minimal at best.

The burden of the proposed discovery, however, would be quite significant.  Painter is proposing another round of expert reports and expert depositions.  The expert fees would be a significant expense just to explore information about Painter's mental condition three years after the fact.

The proposed discovery would also cause significant delay. The 2015 Report did not exist as of the date that Painter filed the Request. The proposed discovery would not begin sometime in the future after the parties had opportunity to review 2015 Report. Painter does not even hazard a guess on how long the additional discovery would take. The proposed discovery could easily take six months to a year. The trial is currently set for November 3, 2015. Text Order entered March 23, 2015. By November, the case will be close to three years old. The burden caused by a six month to year long delay outweighs any benefit to securing information with such little probative value.

Painter argues that the 2015 fitness for duty examination is relevant to showing what Painter is doing now. Request, at 8. The Court sees little or no relevance to Painter's employment in 2015. Her employment situation in 2015 will not tend to prove or disprove the reasons IDOT took actions in 2011 and 2012. The anticipated 2015 Report also would have little relevance to Painter's mental condition three and four years earlier in 2011 and 2012. A report on her fitness for duty in 2015 would also provide little information about any suffering she endured in 2011 and 2012. The minimal value of this evidence to prove or disprove liability or

compensatory damages is clearly outweighed by the burden of the expense and delay that the proposed discovery would cause.

Painter's current fitness for duty could be relevant to her request for reinstatement. See Amended Complaint, ¶ 60. Reinstatement requires the Court to consider the current feasibility of Painter returning to work for her past employer. See Bruso v. United Airlines, Inc., 239 F.3d 848, 861-62 (7th Cir. 2001). Reinstatement, however, is an equitable remedy for the Court to decide after liability is established. See Id., at 860-62.[1] Thus, any such discovery is not necessary before trial. The jury should determine liability first. If the jury trial finds that IDOT is liable, Painter may renew her request for discovery on the 2015 Report before the Court decides on appropriate equitable remedies. After the jury trial, the District Court and the parties will be in a much better position to ascertain whether additional discovery regarding the 2015 Report would be appropriate to address any equitable issues.

THEREFORE Plaintiff Deanna Painter's request to reopen discovery to allow additional discovery pertaining to only the events concerning

---

[1] Painter's fitness for duty in 2015 conceivably might also be relevant for back pay or front pay in lieu of reinstatement. See e.g., Bruso, 239 F.3d at 862 (plaintiff must present evidence of length of time plaintiff would have been expected to work for defendant in order to calculate front pay). Back pay and front pay are also equitable remedies for the Court rather than the jury. See Kramer v. Banc of America Securities, LLC, 355 F.3d 961, 966 (7th Cir. 2004); 42 U.S.C. §§ 2000e-5(g)(1) and 12117(a). Thus, discovery is not necessary before the jury trial.

Plaintiff's recent June 23, 2015, fitness for duty examination, as set forth in Plaintiff's Memorandum in Response to August 6, 2015 Court Order (d/e 52), is DENIED, with leave to renew the request if the jury finds Defendant Illinois Department of Transportation liable on any of her claims in the Amended Complaint.

ENTER: August 26, 2015

            s/ Tom Schanzle-Haskins
            UNITED STATES MAGISTRATE JUDGE