IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEANNA SUE PAINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-3002 |
| | ) | |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

In an Opinion entered on August 26, 2015, United States Magistrate Judge Tom Schanzle-Haskins Denied Plaintiff Deanna Painter's request for additional discovery pertaining to a fitness for duty examination that was conducted on June 23, 2015. Although the Plaintiff's request for discovery was denied, she was given leave to renew the request if the jury finds Defendant Illinois Department of Transportation liable on her claims. Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff has filed objections to the magistrate judge's Opinion and Order.

In her Amended Complaint, the Plaintiff asserts she was subjected by

her then-employer, the Defendant, to unnecessary mental fitness for duty examinations on several occasions in 2011 and once in 2012. The Plaintiff asserts these examinations constituted discrimination or retaliation pursuant to the Americans with Disabilities Act (ADA) and the Rehabilitation Act. As an affirmative defense, the Defendant contends these examinations were job-related and consistent with its business needs.

The magistrate judge's Opinion notes that the Plaintiff began working for the Illinois Department of Human Services (DHS) in April of 2014 and, on June 18, 2015, DHS placed her on medical leave and required her to undergo a mental fitness for duty examination. Terry Killian, M.D., who conducted the examinations in 2011 and 2012, also conducted the recent examination. Although fact and expert discovery closed on July 15, 2015, the Plaintiff seeks to reopen fact and expert discovery pertaining to Dr. Killian's anticipated report from the July 23, 2015 examination.

Judge Schanzle-Haskins noted the Plaintiff was permitted to depose two individuals after the close of discovery. Moreover, the Court had extended the discovery deadlines on two previous occasions.

The magistrate judge found that Dr. Killian's 2015 Report would be of little to no relevance at this stage and the burden imposed by further discovery outweighs any benefits. Accordingly, the magistrate judge found that good cause had not been given to reopen discovery. He reasoned that the Plaintiff's claims and the Defendant's defenses are based on events that occurred in 2011 and 2012. A fitness for duty examination three years later will not tend to prove or disprove any of these issues. Therefore, Judge Schanzle-Haskins found the benefit of the proposed discovery to be minimal at best.

Based on the expert fees and delay, the burden would be significant. The trial date is currently set for November of 2015, and the case is nearly three years old. The magistrate judge further found that the Plaintiff's employment situation or fitness for duty in 2015 will not tend to prove or disprove why IDOT took certain actions in 2011 and 2012.

The magistrate judge did find that Plaintiff's fitness for duty could be relevant to her request for reinstatement. Because reinstatement is an equitable remedy, however, he found that discovery prior to trial was not

necessary. Should the jury find the Defendant liable, then the Plaintiff could renew her request for discovery on the 2015 Report before the Court decides equitable remedies. Judge Schanzle-Haskins concluded by noting that following the trial, the parties and the district court would be in a much better position to determine whether further discovery regarding the 2015 Report would be appropriate.

Although the Plaintiff alleges that the State has gained an advantage by not disclosing Dr. Killian's 2015 Report, it is not apparent what relevance this report has to the previous examinations and reports. The Plaintiff's expert Stephen Dinwiddie, M.D., reviewed the records, examined the Plaintiff and in December of 2013, issued a Report which found that Plaintiff had no mental illness and was able to work. Dr. Dinwiddie's 2013 Report differed in many respects from Dr. Killian's 2011 and 2012 Reports that are at issue in this case. Dr. Killian also issued a report in March of 2014 wherein he opined that Plaintiff had a "possible paranoid personality disorder" and should not be allowed to return to work.

The Plaintiff states that she returned to work at DHS on April 1,

2014. She completed her probationary period and received a favorable one year evaluation. Three weeks after the resolution of a grievance related to evaluation, the Plaintiff's supervisor placed her off of work. Although she has not received the 2015 Report, the Plaintiff states that she knows Dr. Killian has again found her unfit to work because she is now on unpaid leave as of August 31, 2015.

The Plaintiff alleges the magistrate judge erred in not allowing the production of Dr. Killian's Fourth Report because the Plaintiff was unable to provide it to her expert who could then determine what effect, if any, the report had on his Opinions. Moreover, it was the State that chose to extend these proceedings by sending the Plaintiff to its expert witness for a Fourth Fit for Duty Examination on July 23, 2015.

Presumably, the most recent Fit for Duty Examination relates to the Plaintiff's employment with DHS, which began in 2014 and not to her employment at IDOT and the examinations in 2011 and 2012. The Plaintiff has provided no basis for the Court to find that Dr. Killian's 2015 Report is probative of her ADA and Rehabilitation Act discrimination and

retaliation claims relating to the 2011 and 2012 examinations.

After reviewing the record, therefore, the Court is unable to conclude that the magistrate judge committed error in denying the Plaintiff's request for additional discovery.

<u>Ergo</u>, the Plaintiff's Objection to the Magistrate Judge's August 26, 2015 Discovery Order [d/e 55] is DENIED.

The Defendant's Motion to Extend the Dispositive Motions Deadline [d/e 54] is GRANTED.

The Dispositive Motions Deadline is extended to October 15, 2015.

The jury trial is hereby continued from November 3, 2015 to February 2, 2016 at 10:00 a.m. A final pretrial conference is set for January 20, 2016 at 2:00 p.m.

ENTER: September 21, 2015

    FOR THE COURT:

    s/Richard Mills
    Richard Mills
    United States District Judge